## JOE MANUEL *v.* STATE OF INDIANA.

[No. 1076S357.  Filed December 30, 1977.]

*Harriette Bailey Conn,* Public Defender of Indiana, *David P. Freund, Bobby Jay Small, Lawrence D. Giddings,* Deputy Public Defenders, *Jerrilee P. Sutherlin,* Research Assistant, for appellant.

*Theodore L. Sendak,* Attorney General, *Alembert W. Brayton,* Deputy Attorney General, for appellee.

GIVAN, C.J.—The appellant was charged with unlawful dealing in marijuana as defined in IC 1971, 35-24.1-4.1-10. After conviction he was sentenced to a determinate period of twelve years. The record shows the following facts: On July 30, 1975, an Indiana State Police undercover narcotics agent met with a police informant and one, Bill Slagle, to arrange a marijuana purchase. After negotiating a price the agent and the informant left to obtain the narcotics money. Slagle went to appellant Manuel's house to await the return of the buyers with the money. When the agent and the informant arrived at the Manuel resident, Slagle and Manuel walked to the car whereupon the agent gave Slagle $350.00. As they left the car and walked toward the back of the house, Slagle gave the money to Manuel. A few minutes later the two returned to the car and Manuel gave the agent a bag containing about two pounds of marijuana. Slagle and Manuel thereupon were arrested and charged.

Appellant claims the trial court erred in permitting Slagle to testify as to conversations with the informant relating to setting up the purchase. If we assume for the sake of argument that this testimony was in fact hearsay and inadmissible, any error committed in that regard is not reversible in this case for the reason that Slagle was permitted to give additional testimony without objection concerning the exact transaction of the purchase of the marijuana. The fact that this unrefuted testimony came in without objection on the same general subject matter of the hearsay testimony renders any error in that regard harmless. *Walker* v. *State,* (1976) 265 Ind. 8, 349 N.E.2d 161.

Appellant also claims the trial court erred in permitting the State to introduce testimony of other drug transactions made by the appellant. It is well settled law that evidence of criminal activities apart from the specific crime charged is inadmissible on the question of guilt if the evidence is irrelevent or produced merely to show the defendant's unsavory character or tendency to commit certain types of crimes. *Kerlin* v. *State,* (1970) 255 Ind. 420, 265 N.E.2d 22; *Meeks* v. *State,* (1968) 249 Ind. 659, 234 N.E.2d 629. The evidence will also be excluded if it misleads the jury or serves no purpose other than to prejudice the defendant in the eyes of the jury. *Lawrence* v. *State,* (1972) 259 Ind. 306, 286 N.E.2d 830. However evidence of other criminal activity may be admitted to show intent, purpose, identification or common scheme or plan. *Cobbs* v. *State,* (1975) 264 Ind. 60, 338 N.E.2d 632, 633. In the case at bar the evidence of other drug transactions tends to prove appellant's common scheme and plan of marijuana peddling. We hold the trial court did not err in admitting this evidence.

Finally appellant requests this Court to revise the sentence imposed on him because it is excessive and disproportionate to the harm to society. The general rule in this State is that this Court will not invade the province of the legislature or the jury and impose a different sentence from that authorized by law or issued by the jury. *Delph* v. *State,* (1975) 263 Ind. 385, 332 N.E.2d 783; *Stoehr* v. *State,* (1975) 263 Ind. 208, 328 N.E.2d 422. The statute proscribing marijuana dealing provides that if the amount involved is greater than 30 grams, the sale is to be classified as a felony punishable by a determinate term of not less than one year nor more than 20 years and a fine not greater than $2,000.00. IC 1971, 35-24.1-4.1-10. Appellant was convicted of selling 880 grams and was given a sentence of twelve years by the jury. This amount is more than twenty-nine times the minimum prescribed in the statute and the sentence is only 60% of the maximum sentence which

could lawfully have been imposed. It is clear that the sentence is not excessive.

The trial court is in all things affirmed.

Hunter, Pivarnik and Prentice, JJ., concur; DeBruler, J., concurs in result without opinion.

NOTE.—Reported at 370 N.E.2d 904.