Sanders DOWNER, Appellant,

v.

STATE of Indiana, Appellee.

No. 1280S447.

Supreme Court of Indiana.

Jan. 13, 1982.

Charles E. Johnson, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Palmer K. Ward, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was charged with violating the Indiana Uniform Controlled Substances Act, I.C. 35–48–4–1(1) [Burns' 1979]. He was convicted by a jury and sentenced to fifteen (15) years' imprisonment.

The record shows the following facts. On January 24, 1980, one Phillip Thomas Johnson agreed to work as an undercover informant for the Narcotics Division of the Indianapolis Police Department. Two days later he was driven into an area of downtown Indianapolis by two police officers in an unmarked van and given some cash and instructed to try to make a narcotics purchase. Prior to leaving the van he was searched and found to have no drugs in his possession. Johnson walked to a nearby bar and saw appellant leaving, whereupon Johnson asked appellant if the latter could get him a "fifty," meaning fifty dollars' worth of heroin. Appellant led Johnson to his car, where Johnson purchased a tinfoil package from appellant. The contents of this package were later analyzed and identified as heroin. Upon his return to the van, Johnson was searched again. The tinfoil package was discovered and most of the cash he was given was missing. Subsequently appellant was arrested.

Appellant's first two assignments of error have been consolidated as they both relate to the denial of his two motions for continuance. The motions were filed on July 3, and July 9, 1980. The latter date was the date on which appellant's trial was held. Appellant's argument is the denials were reversible error because appellant's counsel was deprived of time to prepare an adequate defense. Trial counsel for appellant was appointed June 19, 1980. He deposed the State's witnesses, including Johnson, on June 30. In both motions, appellant claimed the time was needed to investigate the affairs of informant Johnson. In the July 9 motion, appellant further alleged some of the answers Johnson gave in a June 8, 1980, deposition taken in another cause in which Johnson was a defendant conflicted with some of the answers he gave in the June 30 deposition. Counsel had allegedly learned of this June 8 deposition late in the afternoon of the day before appellant's trial.

■ Continuances are granted under the authority of Indiana Trial Rule 53.4. Where the request is based on a non-statutory ground, as here, the granting of the motion is within the discretion of the trial court. Denial of the motion is reversible error only where there has been a clear abuse of that discretion. *Aron v. State*, (1979) Ind., 393 N.E.2d 157; *Johnson v. State*, (1979) Ind., 390 N.E.2d 1005, U.S. cert. denied 444 U.S. 944, 100 S.Ct. 302, 62 L.Ed.2d 312; *Miller v. State*, (1978) 267 Ind. 635, 372 N.E.2d 1168. In order to demonstrate an abuse of that discretion, the appellant must show he suffered prejudice as a result of the denial of the continuance. *Schalkle v. State*, (1979) Ind., 396 N.E.2d 384; *Vaughn v. State*, (1978) 269 Ind. 142, 378 N.E.2d 859. The trial court is not required to grant a motion for continuance merely because it complies with the rules of procedure but may look to the circumstances of the case as well as the allegations made in the motion. *Drollinger v. State*, (1980) Ind., 408 N.E.2d 1228; *Keys v. State*, (1979) Ind., 390 N.E.2d 148; *Miller, supra.* Continuances to allow more time for preparation are not favored and should be granted only with a showing of good cause and in furtherance of justice. *Keys, supra; Miller, supra.*

■ We fail to see any clear abuse of discretion on the trial court's part in denying appellant's motion in this case. The showing of prejudice against appellant is not made clear. The record shows appellant did cross-examine Johnson and was able to attack his credibility as a witness. Appellant pointed out a discrepancy in Johnson's testimony as given in the June 30 deposition, compared to his testimony at trial. Appellant's brief fails to identify the specific manner in which the additional time requested would have aided appellant. This Court has held that such a specific showing must be made in order to show abuse of discretion on the part of the trial court. *See, Himes v. State*, (1980) Ind., 403 N.E.2d 1377. Viewing the record as a whole and finding no clear abuse of discretion, we defer to the trial court's discretion in the matter. We hold the denial of appellant's motion for a continuance was proper.

Appellant claims the trial court erred in permitting Johnson to testify he had been buying drugs from appellant since 1975. Appellant contends this evidence was highly prejudicial in that its admission permitted the State to prove the commission of the present crime by using evidence of a prior crime separate and distinct from the one charged.

■ The general rule is evidence of prior crimes committed by a defendant, separate and distinct from the one he is charged with committing, is inadmissible to prove commission of the present crime. Appellant concedes it is well established such evidence is admissible where it tends to prove intent, motive, purpose, identification, or common scheme or plan. *Howell v. State*, (1980) Ind., 413 N.E.2d 225; *Henderson v. State*, (1980) Ind., 403 N.E.2d 1088. This Court has held admission of evidence of a defendant's prior drug dealings to show a common scheme or plan to engage in drug peddling is proper. *Manuel v. State*, (1977) 267 Ind. 436, 370 N.E.2d 904. *See also, Haynes v. State*, (1980) Ind.App., 411 N.E.2d 659; *Perry v. State*, (1980) Ind.App., 393 N.E.2d 204.

■ We hold the evidence of Johnson's prior drug purchases from appellant was proper to show a common scheme or plan on appellant's part to deal in narcotics. We also note the jury was properly instructed twice by the trial court that this was the only purpose for which they were to use this evidence.

Appellant argues the events introduced into evidence went back five years in time prior to this event and thus were too remote in time to be admissible. Appellant cites *Hinkle v. State*, (1980) Ind.App., 405 N.E.2d 556, as support for this proposition. It is true the Court of Appeals in *Hinkle, supra*, noted the crimes there were remote in time and, in fact, were far less remote (one year) than the crimes here. In *Hinkle* the court stated:

"It may be safely stated that neither 'intent', 'motive', nor 'purpose' are at issue in the case before us. Furthermore, neither the mode of entry nor the nature of the items taken in the burglary was

indicative of any common scheme, plan, method of operation or identity." *Id.* at 405 N.E.2d 588.

Appellant thus overlooks the fact the *Hinkle* court's key holding is the evidence of prior crimes could not be admitted for any of the purposes delineated in the exception to the general rule. The court did not hold the evidence in question inadmissible because the prior crimes were too remote in time from the present crime. We view the court's comment on the remoteness of the crimes as peripheral to the key holding on the issue. We have held if the evidence of prior crimes can be used to show common scheme or plan, remoteness in time of the prior crimes goes only to the weight and not the admissibility of the evidence. *Watts v. State*, (1951) 229 Ind. 80, 95 N.E.2d 570.

Appellant claims the trial court erred in giving Final Instruction No. 30, which reads:

"In this case, there has been evidence of other acts of similar nature committed at other times. Such evidence was admitted only for the limited purpose of showing intent, knowledge, or common scheme or plan and is entitled only to such weight as you may desire to give it. Proof of such other offenses is not proof of the acts alleged in the information. If you have a reasonable doubt as to whether the defendant committed the acts as alleged in the information, it would be your duty to acquit him even if you should believe from the evidence that he committed such prior acts."

Appellant contends the second paragraph of this instruction was repetitive of another instruction on reasonable doubt.

■ Appellant argues needless repetition of instructions amounts to argument on the part of the court and is bad practice and should be reversible error. In support appellant cites *Webb v. State*, (1972) 259 Ind. 101, 284 N.E.2d 812. In that case the subject matter of the repeated instructions related to definitions of the crimes and penalties in the case. In the case at bar the repetitive element of the instructions re-

lates to the reasonable doubt requirement. Repetition of instructions relating to reasonable doubt is what occurred in *Johnson v. State*, (1972) 258 Ind. 683, 688, 284 N.E.2d 517, 520, in which this Court observed, "We can hardly see how a repetition of the law on reasonable doubt could be detrimental to the appellant." The same observation applies here. We hold repetition of the reasonable doubt requirement in the instructions was not error and certainly could not harm the defendant in any case.

The trial court is in all things affirmed.

All Justices concur.