Edward F. FRAPPIER, Appellant,

v.

STATE of Indiana, Appellee.

No. 182S13.

Supreme Court of Indiana.

May 27, 1983.

Michael L. Rogers, North Vernon, for appellant.

Linley E. Pearson, Atty. Gen., Carmen L. Quintana, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Appellant, Edward F. Frappier, a resident of Jennings County, Indiana, was

found guilty upon his plea of guilty to burglary of a residence, a class B felony. Pursuant to a plea agreement the prosecution dismissed contemporary theft and habitual offender counts. A sentencing proceeding was conducted, and the court set the sentence at twenty years, such term being ten years more than the standard sentence. A motion to correct errors was then filed upon the basis that the judge had failed to make a sufficient statement of his reasons for selecting the sentence imposed, as required by Ind.Code § 35–4.1–4–3, and that the sentence constituted cruel and unusual punishment in derogation of the Eighth Amendment to the United States Constitution. The motion was overruled.

Indiana Code § 35–4.1–4–3 requires the trial court to make a record of the sentencing hearing and to make "a statement of the court's reasons for selecting the sentence it imposes." A trial court is required to make a specific and individualized statement of reasons, the purpose of which is to facilitate appellate review. *Page v. State,* (1980) Ind., 410 N.E.2d 1304. A mere recitation of the statutory standards is insufficient. If the statement supporting enhancement of the standard sentence is insufficient, the case will be remanded for a more specific statement or the imposition of the standard sentence. *Bundy v. State,* (1981) Ind., 427 N.E.2d 1077. Upon review, where the supporting statement is sufficient, a sentence will be sustained unless it is manifestly unreasonable. Ind.R.App.Rev.Sen. 2.

On the record the trial court recounted that he had found aggravating circumstances outweighed mitigating circumstances, and then listed appellant's several prior convictions including a 1979 conversion, 1976 theft, a 1962 statutory rape, a 1959 burglary, and others. Appellant is forty-eight years of age. The court also concluded that appellant had engaged in criminal activity in a continual fashion since he was a teenager. The court did not particularize any mitigating circumstances. Appellant contends that the record reflects that the trial court ignored mitigating circumstances. Appellant lists four mitigating factors, the presence of which he posits are indisputable, I.E., (1) items stolen had only nominal value, (2) crime did not cause nor threaten harm to persons or property, (3) his need to steal was produced by poor state of the economy and a strong desire to support his family, and unavailability of jobs for convicted felons, and (4) imprisonment would result in undue hardship to himself and his dependents by making him virtually unemployable upon release from so long a period of imprisonment. The answer to this appellate complaint is twofold. First, the trial court has no absolute duty to negative potentially mitigating circumstances, and second, the briefest examination of the underlying record shows the highly disputable nature of these factors. Appellant admitted stealing a .22 rifle, a shotgun, and a scanner, items of normally more than nominal value. He broke the door of the residence and took two guns in hand. Such conduct threatens harm to property and persons. He admitted breaking into the house to get liquor for himself and a juvenile who accompanied him. This was not an act of a person driven to desperation by poverty to violate the law to meet felt needs to provide for dependents. And finally there are representations in the record from which one can reasonably conclude that appellant's separation from his dependents would not worsen their material situations or render him less desirable as an employee. Accordingly, we find that the record statement of reasons for aggravation was minimally sufficient, and that the enhancement of the ten year basic sentence to twenty years is not manifestly unreasonable.

Appellant also adds to the argument that the pre-sentence report was so fraught with inaccurate information that to sentence upon it was a denial of due process. He concedes that the trial court made the express changes in it which he requested at the sentencing hearing, but argues that once the pre-sentence is received with inaccuracies, that amendment procedure is insufficient to erase the bad impression made

upon the sentencing judge. The argument finds little support. Admonitions to jurors to disregard irrelevant and improper matter are ordinarily presumed to be effective. *Randolph v. State,* (1978) 269 Ind. 31, 378 N.E.2d 828. Courts, by reason of their training and professional experience are even better equipped than jurors to blot out such matter in arriving at their decisions. *D.H. v. J.H.,* (1981) Ind.App., 418 N.E.2d 286. Here each amendment received an open acknowledgement and acceptance by the court. Due process would require no more.

 The Eighth Amendment and its Indiana counterpart safeguard against cruel or unusual punishment. Regarding this protection this Court has stated:

"Generally these prohibitions are proscriptions of punishments that are atrocities or obsolete, aimed at form rather than the duration (citations omitted) or excessive in relation to the crime committed. (Citations omitted) If a punishment (1) makes no measurable contribution to acceptable goals of punishment such that it constitutes nothing more than purposeless and needless imposition of pain and suffering or (2) is grossly disproportionate to the severity of the crime, it is excessive and unconstitutional. (Citations omitted)" *Inman v. State,* (1979) Ind., 393 N.E.2d 767, 772.

Appellant argues that a ten year sentence for his crime would be reasonable, but his twenty year sentence is purposeless and barbaric. Here he points out that the crime yielded fruits of only twelve dollars and did not cause or threaten harm to any person or property.

In *McMahan v. State,* (1978) 269 Ind. 566, 382 N.E.2d 154, relied upon by appellant, a sentence of life imprisonment for forgery was affirmed. There the enhancement of the ordinary sentence of two to fourteen years occurred because of prior convictions which brought the defendant within the ambit of the habitual offender law. We rejected the claim that the Eighth Amendment condemned an enhancement of that great degree where the crimes did not involve violence. Here the enhancement is of a lesser degree, and here the crime of residence burglary poses a greater threat of harm to the person than does forgery. Traditionally, the forcible entry of a private residence has been considered a more serious crime than such entry of a business establishment. The statute does not require a completed theft as an element of the offense. The primary focus is upon the state of mind at the time of entry, and upon the human activity carried on in the place, and the societal interests therein, and not upon the monetary value of items actually stolen. The value of items actually stolen in the course of a particular burglary plays a lesser role in determining the severity of the crime. The twenty year sentence is not barbaric or grossly disproportionate to the severity of the crime.

The judgment is affirmed.

GIVAN, C.J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.