**Aaron·· NEAL, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 482S133.**

Supreme Court of Indiana.

Aug. 4, 1983.

Dollie Stafford Manns, Alphonso Manns, Bloomington, for appellant.

Linley E. Pearson, Atty. Gen., Carmen L. Quintana, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

On September 30, 1981, Defendant-Appellant, Aaron Neal, was found guilty by a jury in the Monroe Circuit Court of rape while armed with a deadly weapon, a class A felony. He subsequently was sentenced to a term of thirty (30) years by the trial judge. The sole issue raised by Appellant in this direct appeal is sufficiency of the evidence.

At about 8:15 p.m. on April 15, 1981, B.F., the victim, left her Monroe County apartment and walked·to the complex's laundry

room. On her way, she passed Appellant who was walking in the other direction. While B.F. was loading clothes into a washer in the' empty laundry room, Appellant came in, went to the bathroom, said he was supposed to check on the washing machines, and left. About ten or fifteen minutes later, B.F. went to the bathroom to get toilet tissue to wipe up some spilled fabric softener. When she turned around, Appellant was standing in the doorway of the bathroom holding a knife in his right hand. Appellant told B.F. to get undressed and she complied because of the threat of the knife he was holding. She said Appellant smelled of alcohol and had on "orangish" colored trousers. As he held the knife in his hand, Appellant forced B.F. to her knees and made her engage in oral sex. He next had her bend over and grab her ankles and then performed anal and vaginal sexual intercourse on her. He also pulled her by the hair and threatened her while holding the knife to her throat. He forced her into more sexual acts. Before leaving, Appellant threatened to kill B.F. and her husband if they told anyone about the rape. He told her that he was a member of the Outlaw motorcycle gang and that a friend of his would be watching her. After he left, B.F. put on her clothes and went outside where she saw Jimmy Evans, a maintenance man, and told him that she had been raped. Evans had seen Appellant walk by a minute or so before carrying something in his right hand. The police were called and B.F. was taken to a Bloomington hospital where she was treated and tests were made. Tests showed that she had had intercourse during the prior twenty-four hours and traces of semen, Type A, were found on her sanitary napkin. Traces of semen on Appellant's trousers revealed that it was Type A; Appellant's blood sample was type A. Officer Donald Griffin was called to the scene and later saw Appellant, who fit the general description of the assailant. Officer Griffin stopped Appellant who said he was coming from a girl's house but could not remember her name and address or even show where she lived. Appellant was wearing maroon colored trousers and had been drinking. He told Officer Griffin that he was a member of the Outlaw motorcycle gang. Later that same night, Jimmy Evans identified Appellant. Approximately four hours after the incident, B.F. identified Appellant from a photo array shown to her by the police. Several weeks later, Jimmy Evans picked Appellant from a similar photo array. Both B.F. and Evans positively identified Appellant at trial. A knife was found the morning after the incident near where Appellant was apprehended and it was identified as the knife used during the instant rape.

When this Court is confronted with a challenge to the sufficiency of the evidence, it neither weighs the evidence nor judges credibility. Rather, we examine only the evidence most favorable to the State together with all reasonable inferences to be drawn therefrom. If there is substantial evidence of probative value to support the conclusion that the defendant is guilty beyond a reasonable doubt, the verdict will not be disturbed. *Gatewood v. State,* (1982) Ind., 430 N.E.2d 781.

Appellant's challenge to the sufficiency of the evidence in this case goes primarily to his identification by the witnesses. His arguments are based on the fact that both witnesses equivocated on minor details of identification such as color of the assailant's hair and his height. These are, of course, mere details of credibility that are not pertinent to a sufficiency issue. Minor inconsistencies and discrepancies in the description of an assailant are matters of credibility to be resolved by the trier of fact. Here both witnesses had a clear view of Appellant and absolutely identified him, both from a photo array and personally. The victim had ample opportunity to observe him and identify him. In fact, the police apprehended him in the vicinity of the rape from the description given by the two eyewitnesses. Furthermore, there was circumstantial evidence that tended to corroborate the eyewitness testimony given by both B.F. and Evans. A conviction for rape can rest on the uncorroborated testimony of the victim, even though there is equivocation or inconsistency in that testimony.

Here, there was absolute identification by the victim as well as by another witness close by the scene. There was, therefore, more than sufficient evidence to justify the jury in arriving at its verdict. *Johnson v. State,* (1982) Ind., 432 N.E.2d 1358; *Tillman v. State,* (1981) Ind., 426 N.E.2d 1149; *Dillon v. State,* (1981) Ind., 422 N.E.2d 1188; *Munsey v. State,* (1981) Ind., 421 N.E.2d 1115.

The trial court is in all things affirmed.

GIVAN, C.J., and DeBRULER, HUNTER and PRENTICE, JJ., concur.