Jermaine **LEWIS**, a/k/a Bernard Lewis a/k/a Bernard Wilson, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 84–2194.

United States Court of Appeals, Tenth Circuit.

Aug. 27, 1985.

Philip K. Blough II, Tulsa, Okl., for appellant.

Peter Bernhardt, Asst. U.S. Atty., Tulsa, Okl. (Layn R. Phillips, U.S. Atty., and Ben F. Baker, Asst. U.S. Atty., Tulsa, Okl., on brief), for appellee.

Before MOORE, BREITENSTEIN and DOYLE, Circuit Judges.

WILLIAM E. DOYLE, Circuit Judge.

Defendant Jermaine Lewis appeals his conviction for burglary of a post office, a violation of 18 U.S.C. § 2115, and for destruction of government property, a violation of 18 U.S.C. § 1361. We affirm the conviction.

The facts of the case are as follows. At approximately 1:30 a.m. on April 23, 1984, a silent alarm went off at the United States Post Office in Bristow, Oklahoma. Police officers responded to the alarm, arriving at the post office in minutes. There they apprehended one Thomas Mitchell as he fled from the east side of the building. Mitchell stated that defendant Jermaine Lewis was still inside, but the police officers were unable to find anyone in the post office. The officers did find one blue bag of burglary tools at the scene and another blue bag in some nearby bushes. They also discovered that defendant's wife, Jo Ann Lewis, and Mitchell's girlfriend, Frances McCowan, were parked in a car across the street from the post office. Defendant was arrested a short time later at his home, which was three blocks from the post office.

Defendant was charged in a two-count indictment with burglary of a post office and with destruction of government property. A jury trial was held in the United States District Court for the Northern District of Oklahoma on June 18 and 19, 1984. The trial ended in a hung jury, and the court declared a mistrial. A second jury trial was held on July 16 and 17, 1984, in which defendant was found guilty on both counts. Defendant was sentenced to two four-year terms, to run concurrently, and was ordered to pay restitution of $4,405.18.

At both trials, Thomas Mitchell and Frances McCowan testified that defendant and Mitchell had burglarized the post office after having stolen a cutting torch and oxygen bottles from a local garage store. Apparently defendant and Mitchell made several trips to the post office, first from the garage store with the torch and bottles and twice later from defendant's home with various burglary tools. On the first two trips, they were driven by McCowan and Mrs. Lewis. McCowan and Mrs. Lewis then waited in the car across the street from the post office while defendant and Mitchell made the third trip on foot.

Defendant presented an alibi defense at both trials, relying on the testimony of Debra Rogers. Rogers stated that defendant had been with her in Oklahoma City, some 100 miles from Bristow, on the evening of April 22, 1984. At the second trial, the government called a rebuttal alibi witness, Sergeant Clarence Eslick of the Bristow Police Department, who testified that he had seen defendant buy gasoline at a local convenience store between 10:15 and 11:00 p.m. on April 22, 1984. Because the government did not know until the day of the trial that Eslick could rebut defendant's alibi, it gave defendant only one day's no-

**456**

tice that Eslick would be called as a witness.

After he was convicted in the second trial, defendant filed a Motion for New Trial on Newly Discovered Evidence. At a hearing on the motion, defendant called James Drummond, who had worked at the convenience store the night Sergeant Eslick claimed to have seen defendant there. Drummond stated that defendant did not come into the store at any time that night. The district court denied the new trial motion, and defendant appeals his conviction on the following grounds.

■ *First,* defendant argues that the government violated Fed.R.Crim.P. 12.1 by failing to give him adequate notice of rebuttal witness Sergeant Eslick. Defendant relies on Rule 12.1(b), which states:

(b) Disclosure of Information and Witness.

Within ten days thereafter, but in no event less than ten days before trial, unless the court otherwise directs, the attorney for the government shall serve upon the defendant or his attorney a written notice stating the names and addresses of the witnesses upon whom the government intends to rely to establish the defendant's presence at the scene of the alleged offense and any other witnesses to be relied on to rebut testimony of any of the defendant's alibi witnesses.

We believe that the Rule applicable to this case is not 12.1(b), but rather 12.1(c), which provides:

(c) Continuing Duty to Disclose.

If prior to or during trial, a party learns of an additional witness whose identity, if known, should have been included in the information furnished under subdivision (a) or (b), the party shall promptly notify the other party or his attorney of the existence and identity of such additional witness.

Defendant admits that the government did not discover that Eslick could rebut defendant's alibi witness until the opening day of the second trial. The government then promptly notified defendant that Eslick

would be called as a rebuttal witness, thus complying with Rule 12.1(c)'s continuing duty to disclose such a witness. Moreover, because Eslick was not called until the second day of the trial, defendant had adequate time to prepare a cross-examination.

■ *Second,* defendant maintains that the district court erred in admitting into evidence testimony that defendant had participated in the burglary of a garage store earlier on the evening of the post office burglary. The court admitted this evidence under Fed.R.Evid. 404(b), which allows the introduction of "[e]vidence of other crimes, wrongs, or acts" to establish "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Defendant argues that the district court should have excluded the evidence because its probative value was substantially outweighed by its prejudicial effect. Fed.R.Evid. 403. We disagree. Evidence of defendant's participation in a burglary several hours before the post office burglary with which defendant was charged falls squarely within Rule 404(b) as establishing defendant's plan and intent. The evidence was especially probative because defendant allegedly took from the store some equipment needed for the post office burglary. Therefore the district court did not abuse its discretion in admitting the evidence. *See United States v. Atwell,* 766 F.2d 416, 421–22 (10th Cir.1985) (per curiam) and cases cited therein.

■ *Third,* defendant contends that the district court should have granted his motion for a new trial on the newly discovered testimony of James Drummond. Drummond, a convenience store employee, contradicted Sergeant Eslick's statement that defendant had been at the convenience store the night of April 22, 1984. However, this new evidence is not a sufficient basis for granting a new trial under the test this circuit adopted in *United States v. Ramsey,* 726 F.2d 601 (10th Cir.1984). *Ramsey* holds that in order for a new trial to be granted,

[t]he newly discovered evidence must be more than impeaching or cumulative; it must be material to the issues involved; it must be such as would probably produce an acquittal; and a new trial is not warranted by evidence which, with reasonable diligence, could not have been discovered and produced at trial.

*Id.* at 604, quoting *United States v. Allen,* 554 F.2d 398, 403 (10th Cir.), *cert. denied,* 434 U.S. 836, 98 S.Ct. 124, 54 L.Ed.2d 97 (1977). Drummond's testimony fails the first requirement of *Ramsey,* for it is useful only in impeaching the testimony of Eslick. Accordingly, the district court properly denied defendant's motion for a new trial.

Affirmed.