Sanders DOWNER, Appellant
(Petitioner Below),

v.

STATE of Indiana, Appellee
(Respondent Below).

No. 585S185.

Supreme Court of Indiana.

Dec. 22, 1986.

Susan K. Carpenter, Public Defender, Carolyn J. Fitch, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Justice.

Sanders Downer appeals the trial court's denial of his petition for post-conviction relief in which he alleged that he was entitled to a reduction in sentence because the trial court failed to state adequate reasons for enhancing his sentence. We remand for a more specific set of findings.

In 1980, a jury found Downer guilty of dealing in a narcotic drug, a class B felony, Ind.Code § 35–48–4–1(1) (Burns 1979 Repl.). The trial court sentenced him to fifteen years in prison. This Court affirmed his conviction. *Downer v. State* (1982), Ind., 429 N.E.2d 953.

In pronouncing sentence on Downer, the trial court stated:

The Court finds there are aggravating circumstances to warrant an increase in the sentence from the presumptive sentence of ten (10) years to fifteen (15) years, such aggravating circumstances being your extensive criminal activity.

Downer asserts that this explanation by the court fails to comply with Ind.Code § 35–4.1–4–3(3) (Burns 1979 Repl.), repealed and replaced by Ind.Code § 35–38–1–3(3), which requires: "If the court finds aggravating circumstances or mitigating circumstances, a statement of the court's reasons for selecting the sentence that it imposes.

A history of criminal activity is an adequate ground upon which a sentenced may be enhanced, Ind.Code § 35–4.1–4–7(b) (Burns 1979 Repl.), since recodified as § 35–38–1–7(b) (Burns 1985 Repl.). However, statements which simply repeat the statutory language are inadequate. *Wilburn v. State* (1982), Ind., 442 N.E.2d 1098. Unlike the situation presented in *Beasley v. State* (1983), Ind., 445 N.E.2d 1372, the record on this appeal does not contain the presentence report upon which the sentencing judge presumably relied in making his finding.

Under such circumstances, this Court does not enter an order reducing the sentence to standard term, as Downer requested in his petition. Accordingly, we remand

this cause so that the sentencing court can enter such findings as support the imposition of its sentence, or, alternatively, to impose the standard sentence. *Page v. State* (1981), Ind., 424 N.E.2d 1021.

■ Downer's allegations of ineffective assistance of counsel at trial and on appeal rest upon this same issue and thus are mooted by our determination of it. He did not present any evidence to support his allegations of prosecutorial misconduct; the trial court's denial of his petition on these grounds was proper.

The judgment of the trial court is affirmed except with respect to the need for an adequate statement supporting an enhanced sentence. The cause is remanded so that the trial court may enter such.

GIVAN, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.