**Jeffrey Darnell LEWIS, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 89S00–8607–CR–656.**

Supreme Court of Indiana.

Aug. 27, 1987.

Terrance W. Richmond, Milan, for appellant.

Linley E. Pearson, Atty. Gen., Theodore E. Hansen, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury found appellant guilty of Child Molesting, a Class A felony, Criminal Deviate Conduct, a Class A felony, and Criminal Confinement, a Class D felony. Appellant was sentenced for a period of thirty (30)

years for the convictions of Child Molesting and Confinement.

The facts are: On March 14, 1985, the fifteen-year-old victim was baby-sitting an infant for a couple in Richmond, Indiana. After the parents left, the victim locked the apartment doors and did her homework.

The victim testified that around 10:00 p.m. she fell asleep and was awakened at 11:00 p.m. by appellant, who was on top of her and trying to take off her clothes. By the light coming from the television set, the victim could see appellant's face. The victim screamed and appellant told her to shut up and put his hand on her throat and over her nose and mouth. He told her to take off her clothes, which she did because he said if she did not, he would do it for her.

Appellant kissed and fondled the victim's body, performed cunnilingus and attempted to have intercourse with her. At that time, the victim kicked him in the head and he struck her in the jaw. He then wrapped a blanket around the victim's head and told her that if she kicked him again he would kill her. The victim did not try to escape because she feared that he would kill the baby. She cried throughout the attack, which lasted about one to two hours.

The baby began to cry and appellant told her to put clothes on and tend to the baby. The father, who was an acquaintance of appellant, returned to find him on the couch with the victim and the baby. He asked appellant what he was doing there and told him to leave. As appellant was leaving, he told the father that he wanted to date the victim.

The father's testimony corroborated that of the victim. He said that she cried as she described the assault. According to him, his apartment door could be opened by sliding a credit card through the lock. He took the victim to the Richmond Police Station where she gave a statement and had photographs taken. The victim was shown a photographic array and identified appellant as her attacker. Later she was taken to the hospital where she was treated for abrasions and broken blood vessels on her jaw and collarbone.

An expert witness testified he believed the stain found in the underpants of the victim was saliva. The nurse who treated the victim testified as to the type and extent of her injuries. Also, the statement made by the victim in which she gave a detailed account of the attack to police was submitted into evidence without objection.

Appellant maintains that the evidence was insufficient to sustain his convictions. In appellant's view, the victim's testimony was conflicting and contained unsure statements, thus her testimony was inherently unreliable.

Appellant recognizes the fact that this Court will not weigh the evidence nor judge the credibility of the witnesses, *Jenkins v. State* (1978), 267 Ind. 543, 372 N.E.2d 166, but he contends that this case is an exception because of the inherent unreliability of the victim's testimony.

■ A conviction can be sustained on a victim's testimony alone. *Neal v. State* (1983), Ind., 451 N.E.2d 657. Here, the testimony of the victim, the father, the expert witness and the nurse produced sufficient evidence from which the jury could find appellant guilty beyond a reasonable doubt.

■ The statute under which appellant was charged states that the offender must be sixteen years of age or older to commit child molestation. Ind.Code § 35–42–4–3(c). Appellant argues that the evidence is wholly insufficient to find that he was sixteen or older.

A detective who initially questioned appellant testified that appellant identified himself as Jeffrey Darnell Lewis and that he was twenty-five. Also, appellant's Wayne County Jail Medical Screening Questionnaire listed his date of birth as November 14, 1959. Therefore, we find no merit in appellant's claim.

■ Appellant argues that the statement of the victim and the testimony of James Romack, the expert witness, should have been excluded at trial. Appellant claims that these were "surprise witnesses" suddenly produced by the State just prior to

trial after discovery had been completed, and as such, he had no opportunity to review their testimony before trial.

Appellant did not raise a complaint regarding discovery or a surprise witness during Romack's testimony, nor did he object to the admission of the victim's statement into evidence. Appellant raised this complaint for the first time in his motion to correct error.

Allegations of error not raised at trial are waived for purposes of appellate review. *Hernandez v. State* (1982), Ind., 439 N.E.2d 625. *Bowens v. State* (1985), Ind., 481 N.E.2d 1289. Thus error was not preserved.

Appellant next complains the admission into evidence of the victim's statement she gave to police was highly prejudicial and precluded him from receiving a fair trial. The questions to the victim about which appellant complains are the following:

"Q. [W]e have a photo scan of nine pictures. Do you see your attacker in any of these nine photo's [sic]?

A. Yes, number eight.

Q. [P]ull the picture out and read to me what is on the back of the picture? [sic] [.]

A. Jeffrey D. Lewis, attempted rape, 5-16-84, Richmond Indiana Police, 76060 ..."

The "attempted rape" indicated on the back of photograph number eight had no relation to the case at bar. Appellant now complains that this statement created an inference in the minds of the jury that if he were a prior sex offender, he probably was guilty in the instant case also.

■ Generally, evidence of a defendant's prior crimes is highly prejudicial and should not be admitted. *Davis v. State* (1985), Ind., 481 N.E.2d 387; *Manuel v. State* (1977), 267 Ind. 436, 370 N.E.2d 904. However, appellant made no objection to the admission of the victim's statement at trial. As previously stated, the failure to object at trial constitutes waiver of that issue, unless fundamental error occurred. *Hernandez, supra.*

■ Fundamental error is error that if not corrected would deny a defendant fundamental due process. *Burkes v. State* (1983), Ind., 445 N.E.2d 983. This Court will review an issue not properly raised and preserved only when a blatant violation of basic and elementary principles has occurred, and the harm or potential for harm could not be denied. *Id.*

■ We hold that although it was incorrect to mention the prior sex crime, the error did not constitute fundamental error in this situation. Because there was an abundance of independent evidence from which the jury could have found appellant guilty, the error did not harm him to the extent that he was precluded from receiving a fair trial. As no fundamental error occurred, appellant's failure to object at trial waived that issue.

In a related argument, appellant also claims the State interjected an evidential harpoon in its final argument. The prosecutor said:

"Remember that that picture of 5-16-84 for attempted rape in this photo scan is different than the picture taken in '85 so we don't confuse those things. Remember also that [the victim] had never seen this person before so there is not way that she could have been in any way linked to the 5-16-84 picture."

Again, appellant made no objection at trial. He asserts, however, that the reference to the prior sex crime constituted fundamental error, and in such case would be reviewed by this Court.

For the reasons above stated no fundamental error occurred. *Maldonado v. State* (1976), 265 Ind. 492, 355 N.E.2d 843.

■ Appellant also contends a scientific test used by an expert witness was unreliable. Appellant complains that the procedure used to determine whether a stain contains saliva is not recognized in science, so Romack's expert conclusion concerning the results of that test should not have been admitted.

When Romack was giving testimony about the test results, appellant objected to his testimony on the ground that the exhib-

it had not been introduced into evidence and the chain of custody was imperfect. Appellant made no objection as to the reliability of the test procedure.

By failing to object to the test procedure at trial, appellant waived that issue. *Hernandez, supra.* Appellant cannot base his current allegation of error on an objection made at trial which bears no relation to his complaint on appeal. *Johnson v. State* (1985), Ind., 472 N.E.2d 892; *Vasquez v. State* (1983), Ind., 449 N.E.2d 284.

██ Appellant also believes that certain statements made by the State were prejudicial to him. He contends he was harmed when the prosecutor said that sexual deviants act weird and need to be caged and that the jury's duty, when the evidence of guilt is so clear, is to convict. Appellant did not object to these statements thus this issue is not reviewable on appeal. *Hernandez, supra; Maldonado, supra.*

██ Appellant's final argument entails his belief that his sentence is manifestly unreasonable. He contends that three mitigating factors listed in Ind. Code § 35–38–1–7 are applicable to him.

The trial court gave appellant the thirty (30) year sentence as provided in Ind. Code § 35–50–2–4 for the commission of a Class A felony. No aggravating or mitigating circumstances were found by the trial court.

Appellant recognizes that the consideration of these circumstances is left to the trial court's discretion. *Frappier v. State* (1983), Ind., 448 N.E.2d 1188. However, appellant claims that it was error for the trial court to fail to state the basis for declining to mitigate the sentence.

It is true that when a trial court decreases or increases a sentence due to mitigating or aggravating circumstances, the factors used in making that determination must be listed in the record. *Robinson v. State* (1983), Ind., 446 N.E.2d 1287. However, mitigating factors are not a mandatory consideration in sentencing a criminal defendant. *Wagner v. State* (1985), Ind., 474 N.E.2d 476.

Here, the trial court did not use any mitigating or aggravating circumstances thus it was not necessary to list any factors it considered. *Frappier, supra.*

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.