**Ernest L. CLARK, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 49S00–8709–PC–838.

Supreme Court of Indiana.

April 7, 1989.

Jack R. Sutherland, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen. and Wendy L. Stone, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Chief Justice.

The question presented is whether offenses committed a decade or so before the charged crime are so closely connected as to be admissible under "common scheme or plan." We hold they are not.

Appellant Ernest L. Clark was tried before a jury and convicted of possession of more than three grams of heroin, a class C felony, Ind.Code § 35–48–4–6 (Burns 1985 Repl.), and possession of cocaine, a class D felony, Ind.Code § 35–48–4–6 (Burns 1985 Repl.). The jury also found Clark to be an habitual offender. Ind.Code § 35–50–2–8 (Burns 1985 Repl.).

The trial court sentenced Clark to consecutive terms of eight years for the class C felony and four years for the class D felony. It enhanced the sentence for the class C felony by thirty years because of the habitual offender determination.

The evidence at trial revealed that on October 18, 1985, the Indianapolis Police obtained a warrant to search Clark's place of business, 2114 North Arsenal, Indianapolis. They discovered $7,110 in cash, a gram scale, small plastic baggies and chemical agents used to dilute cocaine and heroin. The police also found 0.0014 of a gram of cocaine left inside a drinking straw.

The police continued their investigation by watching Clark's home. They saw him enter the house carrying a dark trash bag on October 23, 1985. They watched another man enter Clark's home and then leave. The police saw Clark leave shortly after, and they stopped him. They told him they had a search warrant for his house. Inside the house, the police found twenty-two grams of heroin and almost three grams of cocaine.

At Clark's trial, the prosecution presented evidence of two prior convictions. The first conviction occurred in 1974, when Clark was found guilty of possession of heroin and cocaine. The drugs were discovered at Clark's place of business, 2114 North Arsenal, Indianapolis. The second conviction came in 1980. Clark pled guilty to conspiring to distribute heroin and cocaine. This conviction also arose from activities at 2114 North Arsenal. The State argues that the evidence of these prior convictions is admissible to prove a common scheme or plan relating to Clark's place of business.[1]

Evidence of a defendant's prior crimes is generally inadmissible to prove commission of the present crime. Indiana has recognized an exception to this rule called "common scheme or plan." The cases describe two branches to this exception. One permits proof of a prior offense committed with an identical *modus operandi* when the identity of the perpetrator is in genuine issue. *Penley v. State* (1987), Ind., 506 N.E.2d 806. The second branch permits proof of a prior offense as evidence of a preconceived plan that includes the charged crimes. *Id.* To be admissible under this branch, "[t]he crimes must ... be so related in character, time and place of commission as to establish some plan which embraced both the prior ... criminal activity and the charged crime." *Malone v. State* (1982), Ind., 441 N.E.2d 1339, 1347. Because the admission of prior crimes can taint the fairness of the trial, the exception must be cautiously applied. *See Penley,* 506 N.E.2d at 808.

Our cases have been consistent with the prevailing rule in this country that the "common scheme or plan" exception re-

---

1. Although the convictions Clark is now appealing did not arise from a transaction at 2114 North Arsenal, Count IV of the information charged Clark with possession of cocaine on October 18, 1985. This was the initial police search of 2114 North Arsenal during which the police discovered only 0.0014 of a gram of cocaine. The jury found Clark not guilty on Count IV.

quires that the uncharged crime be tangibly connected to the one for which the defendant is on trial. *See, e.g., State v. Toshishige Yoshino,* 45 Hawaii 206, 364 P.2d 638 (1961) (evidence of earlier robbery admissible in trial of second where name of second victim was procured from first victim); *Lewis v. United States,* 771 F.2d 454 (10th Cir.1985), *cert. denied,* 474 U.S. 1024, 106 S.Ct. 579, 88 L.Ed.2d 562 (testimony that defendant burglarized garage store to procure cutting torch admissible in trial for burglarizing post office using torch); *McCormick on Evidence* § 190 (1984 E. Cleary 3d ed.). Without some nexus, the evidence would wrongly impugn the defendant's character without being probative of a material fact.

The State offers two cases in support of its argument, *Manuel v. State* (1977), 267 Ind. 436, 370 N.E.2d 904, and *Downer v. State* (1982), Ind., 429 N.E.2d 953. In *Manuel,* the State was permitted to introduce testimony from officers who had participated in several marijuana sales with the defendant within a period of about four months commencing just before the transaction for which the defendant was being tried. This Court held that these transactions were admissible because they were part of the same scheme as the offense being tried.

In *Downer,* the man who purchased drugs from Downer in the transaction for which the latter was being tried testified he had engaged in continuous transactions with Downer for five years. This series of transactions, the Court held, was part of a common scheme.

In another case, this Court upheld use of testimony about uncharged drug transactions nine months prior to the charged transactions. *Sweet v. State* (1986), Ind., 498 N.E.2d 924. In resolving the issue, Justice DeBruler wrote:

> The November transactions are not so remote in time or circumstance as to be irrelevant. The February transaction precedes the charged transactions by nine months. Although more remote in time, the circumstances of the transaction tend to prove a common scheme and

plan of conducting a drug dealing business for profit.

*Id.* at 928. The earlier sales and those for which the defendant was being tried were connected in another way: the same informant was involved in both.

In this case, one conviction was thirteen years before the trial for the present charges, and the other was seven years before. Those prior convictions, unlike the prior drug transactions in *Sweet,* are too remote and dissimilar to be relevant as part of a common scheme or plan. *See Riley v. State* (1986), Ind., 489 N.E.2d 58 (similarities between the drug transactions leading to defendant's arrest and the previous transactions not sufficient to constitute a common scheme). Nothing in the case at bar establishes continuous dealing with the same individual, as there was in *Downer,* and, unlike *Manuel,* the events did not occur during a short period of time.

To call the evidence admitted in this case proof of "common scheme or plan" is simply to say that one who committed a similar crime more than a decade ago may now be guilty of doing it again. That is precisely what the rule against admitting evidence of prior acts is designed to prohibit.

The trial court is reversed and the cause remanded for retrial.

DeBRULER and DICKSON, JJ., concur.

GIVAN, Justice, dissenting

I respectfully dissent from the majority opinion in this case. The majority holds that it was reversible error for the trial court to permit evidence of two prior convictions, one in 1974 for the possession of heroin and cocaine and a second in 1980 in which he entered a plea of guilty to conspiracy to distribute heroin and cocaine.

The majority opinion attempts to distinguish this Court's opinion in *Downer v. State* (1982), Ind., 429 N.E.2d 953 and *Manuel v. State* (1977), 267 Ind. 436, 370 N.E.2d 904. However, the majority omits the fact that in *Downer* we held that remoteness in time of the prior crimes goes

only to the weight and not the admissibility of the evidence.

In the case at bar, the similarity of the prior convictions is obvious when one takes into consideration the time served in prison on each of the prior convictions. Very little time in fact elapsed between each of the succeeding convictions when appellant had an opportunity to repeat his activity. We have here a clear demonstration of a defendant who, in spite of intervening incarcerations, returns to his chosen activity of distributing heroin and cocaine when he is free to do so. To hold that the prior convictions were too remote to be used in this case is to close one's eyes to the obvious factual situation.

I would affirm the trial court.

PIVARNIK, J., concurs.