5 F.3d 547
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Anthony D. AUSTIN, Defendant-Appellant.
 No. 92-4105.
 United States Court of Appeals, Tenth Circuit.
 Aug. 25, 1993.
 
 ORDER AND JUDGMENT[1]
 Before McKAY, Chief Judge, LOGAN and BALDOCK, Circuit Judges.
 
 I.
 
 1
 On appeal Defendant asserts the trial court committed reversible error by permitting the admission of extraneous evidence on a collateral matter to rebut a statement made by the Defendant.
 
 
 2
 Our review of the record in this case indicates that Defendant has waived this argument by failing to object to the admission of the evidence on this ground. Although Defendant's attorney did object to the government's witness, the objection was limited to the assertion that the government should have previously provided the defense with information about the witness.[2] Because we find the argument was not raised in the trial court, we hold that it has been waived.
 
 II.
 
 3
 Defendant also asserts that the trial court erred by denying his motion for a new trial. As a basis for this motion he reiterates his arguments relating to the admission of extraneous evidence to impeach the defendant on a collateral matter, and he asserts that the witness was not truly a rebuttal witness because the government anticipated calling her and thus should have provided the defense with information about her. As an additional ground for his motion, Defendant apparently argues newly discovered evidence exists which would have aided his cross-examination and impeachment of the witness.
 
 
 4
 This court reviews the denial of a motion for a new trial for an abuse of discretion. E.g., United States v. Edgmon, 952 F.2d 1206, 1211 (10th Cir.1991). After a review of the record in this case, we cannot say the trial court abused its discretion in this regard. Having waived the argument regarding the assertion that the witness' testimony was improper impeachment on a collateral issue, Defendant cannot argue that the interests of justice required the trial court to grant a new trial on this issue.
 
 
 5
 Likewise, we find Defendant's contention regarding the rebuttal nature of the witness' testimony unpersuasive. Although it is clear the government attempted to introduce the transcript of a phone conversation of the witness, there is no indication in the record before us that the government ever intended to call her as a witness until Defendant denied having ever sold LSD. Under such circumstances we cannot say the trial court erred in ruling that the witness was a rebuttal witness.
 
 
 6
 Finally, to the extent Defendant is arguing that he was entitled to a new trial based on newly discovered evidence which would have enabled him to more fully cross-examine or impeach the witness, we likewise find that contention unavailing. As we noted in Lewis v. United States, 771 F.2d 454, 456-57 (10th Cir.1985), "newly discovered evidence must be more than impeaching or cumulative; it must be material to the issues involved; it must be such as would probably produce acquittal." A review of the affidavits submitted in the trial court reveals the "new evidence" would, if believed, merely be impeachment evidence and would not be material to the substance of the witness' actual testimony. Under these circumstances, we hold that the trial court did not abuse its discretion in denying Defendant's motion for a new trial.
 
 III.
 
 7
 Finally, Defendant asserts the trial court erred in denying his motion for judgment of acquittal because the government failed to prove his predisposition to commit the crime in question. In reviewing the denial of a motion for acquittal, we view the evidence and all reasonable inferences in the light most favorable to the government and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. E.g., United States v. Harrod, 981 F.2d 1171, 1174 (10th Cir.1992).
 
 
 8
 In this case, Defendant presented an entrapment defense. As a result, the government had the burden of proving, beyond a reasonable doubt, that Defendant was not entrapped. United States v. Young, 954 F.2d 614, 616 (10th Cir.1992). The critical inquiry in entrapment focuses on the defendant's predisposition to commit the offense. United States v. Dozal-Bencomo, 952 F.2d 1246, 1250 (10th Cir.1991). As we have previously explained:
 
 
 9
 "Predisposition" is defined as a defendant's inclination, willingness or readiness to engage in the illegal activity for which he has been charged. Here, the focus centers on the defendant's state of mind before government agents suggest illegal activity. Predisposition may arise from direct evidence of defendant's prior involvement in the illegal activity, or may be inferred from "defendant's desire for profit, his eagerness to participate in the transaction, his ready response to the government's inducement offer, or his demonstrated knowledge or experience in the criminal activity under investigation."
 
 
 10
 Id. at 1250-51 (quoting United States v. Fadel, 844 F.2d 1425, 1433 (10th Cir.1988) (other citations omitted).
 
 
 11
 In the instant case direct and circumstantial evidence of Defendant's prior involvement in the illegal activity was presented. In addition, other evidence demonstrated Defendant's intent to profit from the transaction, his knowledge of the LSD market, and his ability to obtain the drug. Although the record does suggest Defendant may have initially been a reluctant participant in the transaction, when viewed in the light most favorable to the government, the evidence suggests his reluctance was based on his unfamiliarity with the informant and his well-founded suspicions that she was an undercover agent. Under these circumstances, we hold that the trial court did not err in denying Defendant's motion for judgment of acquittal.
 
 
 12
 The judgment is AFFIRMED.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 The trial court determined the witness was a rebuttal witness and concluded that the government was not required to provide the defense with information about her