**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Feb 28 2014, 9:08 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**GILDA W. CAVINESS**
Caviness Law Office, LLC
Rushville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANDREW FALK**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| JOHNNY LEON BURCHETT, ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | No. 73A01-1303-CR-97 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE SHELBY CIRCUIT COURT
The Honorable David N. Riggins, Special Judge
Cause No.73C01-1112-FB-35

**February 28, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Johnny Leon Burchett appeals the denial of his motion for continuance and request to withdraw his guilty plea. We affirm.

## FACTS AND PROCEDURAL HISTORY

On December 21, 2011, Burchett was charged with possession of methamphetamine, possession of paraphernalia, possession of paraphernalia with a prior conviction, and public intoxication. Burchett and the State reached an agreement whereby Burchett would plead guilty to Class B felony possession of methamphetamine.[1] The agreement specified that Burchett was accepting an open plea, with a sentence cap of twelve years executed.

During his guilty plea hearing Burchett testified under oath that he understood his plea agreement and was not under the influence of drugs or alcohol. He affirmed that he understood that his sentence for the plea in the case before us would be consecutive to any sentence in a case pending in Decatur County. Burchett reviewed the plea agreement with his attorney and expressed his happiness with the services his attorney provided. Burchett testified he understood that under the twelve year cap, the sentence could include house arrest, probation, and executed time. The trial court accepted the plea after it found Burchett knowingly, intelligently, and voluntarily entered his plea and that there was a factual basis for it.

Pending sentencing, Burchett was released on bond and placed on house arrest. One of Burchett's house arrest requirements was that he not consume alcohol. Burchett violated that requirement within a day, and the trial court ordered that he remain in custody for two

---

[1] Ind. Code § 35-48-4-6.1.

weeks. On February 4, 2013, the State moved to revoke Burchett's bond because he had possessed and consumed methamphetamine in violation of the terms of his house arrest. Burchett admitted to community corrections officials that he had consumed drugs, and he tested positive for methamphetamine and amphetamine.

The sentencing hearing and the hearing on the State's motion to revoke Burchett's bond were held at the same time, on February 6. Burchett orally moved to withdraw his guilty plea and to continue his sentencing hearing in order to allow him to complete drug rehabilitation at Harbor Lights. The trial court denied both motions and sentenced Burchett to ten years with two years suspended to probation.

## DISCUSSION AND DECISION

Burchett sought a continuance of the sentencing hearing so he could complete the drug rehabilitation program at Harbor Lights. As this was a non-statutory basis for seeking a continuance, the ruling on the motion was within the discretion of the trial court, *Downer v. State*, 429 N.E.2d 953, 954 (Ind. 1982), and is reversible error only where there has been a clear abuse of that discretion. *Id*. To show an abuse of discretion, the appellant must show he was prejudiced as a result of the denial of the continuance. *Id*. The trial court is not required to grant a motion for continuance merely because it complies with the rules of procedure; it may also look to the circumstances of the case as well as the allegations made in the motion. *Id*. Continuances to allow more time for preparation are not favored and should be granted only with a showing of good cause and in furtherance of justice. *Id*.

Burchett asserts on appeal he needed time to consult with his counsel, gather evidence,

prepare for the hearing, and draft a motion to withdraw his guilty plea. At his December 5 plea hearing, the trial court set a sentencing hearing for February 6. Burchett was placed on house arrest until he could be admitted to Harbor Lights. Within a day he violated the terms of the house arrest by drinking alcohol. On February 4 the State moved to revoke Burchett's bond because he violated the terms of the house arrest by possessing and consuming methamphetamine. He admitted to community corrections officers he had smoked methamphetamine and a drug test was positive. On February 5 the trial court scheduled a hearing on the State's motion for February 6, the date of the sentencing hearing.

The trial court did not err in denying Burchett's request for a continuance. He chose to consume alcohol and methamphetamine in violation of his house arrest and plea agreement. As those actions precipitated the hearing Burchett then sought to continue, we decline to hold under these circumstances that Burchett was prejudiced by the trial court's decision not to continue the hearing or that he showed there was good cause for the continuance or that it would be in "furtherance of justice." *Id.*

Nor did the trial court err in denying Burchett's motion to withdraw his guilty plea. Indiana Code § 35-35-1-4(b) provides that a motion to withdraw a guilty plea must be verified in writing and state facts in support of the relief demanded. The court may allow the defendant to withdraw a guilty plea "for any fair and just reason" unless the State has been substantially prejudiced by reliance on the plea. *Id.* The request must be granted if the defendant proves withdrawal of the plea "is necessary to correct a manifest injustice." *Id.* The defendant bears the burden to prove that necessity by a preponderance of the evidence.

4

Ind. Code § 35-35-1-4(e). Whether to allow a defendant to withdraw a guilty plea is within the sound discretion of the trial court and its ruling is reviewable only for abuse of discretion. *Hunter v. State*, 676 N.E.2d 14, 18 (Ind. 1996). We will presume in favor of the trial court's ruling. *Id*.

Burchett did not provide a reason, "fair and just" or otherwise, nor did he show withdrawal of his plea was "necessary to correct a manifest injustice." His request to withdraw his plea was: "If the court is not inclined to grant that request [for a continuance] he's been fully advised and he asked me to ask the court to withdraw his plea." (Tr. at 41.) As Burchett offered no explanation or rationale for the request, he has not overcome the presumption the trial court's ruling was correct.

## CONCLUSION

The trial court did not abuse its discretion when it denied Burchett's motion to continue or his motion to withdraw his guilty plea. Accordingly, we affirm.

Affirmed.

BAILEY, J., and BRADFORD, J., concur.