**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Willie Lee HARROD, Defendant–
Appellant.**

**No. 91–5107.**

United States Court of Appeals,
Tenth Circuit.

Dec. 23, 1992.

Curtis J. Biram, Biram & Kaiser, Tulsa, OK, for defendant/appellant.

Tony M. Graham, U.S. Atty., and Kenneth P. Snoke, Asst. U.S. Atty., Tulsa, OK, for plaintiff/appellee.

Before LOGAN, Circuit Judge, BARRETT, Senior Circuit Judge, and EBEL, Circuit Judge.[*]

EBEL, Circuit Judge.

The defendant-appellant, Willie L. Harrod, appeals a jury verdict finding him guilty of making a false statement to a federal agency in violation of 18 U.S.C. § 1001. He asserts that the district court erred in denying his motion for judgment of acquittal on the ground that the evidence was insufficient to support a finding that his statements to the Department of Labor were false and material. We hold that the evidence was sufficient to support a finding of falsity and materiality and therefore affirm.

## I. FACTS

The defendant-appellant Harrod worked for the United States Postal Service until 1974, when he was injured and placed on disabled service. In 1982, he returned to work for the postal service, but was placed on permanent medical disability less than two years later. To receive full disability benefits from the postal service, Harrod was required by the Department of Labor's Office of Workers' Compensation Programs to complete Form Number EN 1032 annually. The form required the defendant to answer questions relating to whether he was employed and, if so, at what wage and for what number of hours per week.

While disabled, Harrod began making toy trains at the suggestion of his doctors to keep himself busy. At issue in this case is whether Harrod answered the 1032 forms truthfully concerning what became a substantial toy-making business named "Toys by Willie."

On April 29, 1988, Harrod submitted a Form 1032 covering the previous fifteen-month period. He answered the form as follows:

a) Were you self-employed during any time covered by this form? Answer Yes or No:

*No. A hobby*

b) Description of work performed:

*Sales.*

Number of hours worked per week:

*4 to 6 hrs. per week*

Rate of pay:

*$1.85 to 3.35, I am not making a profit. This is a hobby.*

Name of firm or business:

*Toys by Willie—wooden toys (trains)*

3. Were you unemployed for all periods during the previous fifteen months not covered under 1 or 2 above? Answer Yes or No.

*Yes.*

If not explain:

*See above number 2. My doctors (Dr. Sutton & Dr. Prosser) has [sic] advised me to do something for therapy, to get my mind off my pain, and to get out of the house. My Wife, Daughter, and Son and others help me with this. This does help my depression. If this is a no-no please let me know. Willie L. Harrod.*

The government's evidence showed that during the period covered by the 1988 Form 1032, Harrod had gross sales of $5,090.76.

Harrod submitted a second Form 1032 on January 19, 1989, again covering the previous fifteen-month period. He did not answer questions 2(a), 2(b), or 3 at all on this form. At the bottom of the page, under question 3, he wrote the following:

I have been helping My Wife & Son Make & Sell wooden toys. I am doing this because several Doctors has [sic] recommended this for therapy to help get my Mind off the pain that I have in My Neck, Arms, back & head. It dosent [sic] help the pain but it does help the Mind. Willie L. Harrod.

During the time period covered by the 1989 Form 1032, Harrod had gross sales of $16,-

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. Therefore, the case is ordered submitted without oral argument.

853.38 through the Silver Dollar City Craft Guild alone.

Harrod filed a third Form 1032 on March 6, 1990, which covered the previous fifteen-month period. The defendant answered this form as follows:

1. *Employment other than Self-Employment.* Under this heading, you must report all employment, other than self-employment, for which you received salary, wages, sales commissions, piece-work, or other payment. If you performed work in furtherance of a relative's or spouse's business, you must show as "rate of pay" what it would have cost the employer or organization to hire someone to perform the work you performed. The value of housing, meals, food allowance, clothing, equipment, reimbursed expenses in a business, corporation, partnership or sole proprietorship, or other things of value must be included in the rate of pay.

\* \* \* \* \* \*

a) Were you employed by an employer during the time period covered by this form? Answer Yes or No.

*No.*

\* \* \* \* \* \*

2. *Self-employment. Self-employment (such as farming sales, service, operating a store, business, etc.), must be reported.* Report any such enterprise in which you worked, and from which you received revenue, even if operated at a loss or if profits were re-invested. You must show as "rate of pay" what it would have cost you to have hired someone to perform the work you performed. a) Were you self-employed during any time covered by this form? Answer Yes or No:

*No.*

Under Doctors [sic] suggestion—making a few toys to keep mind off pain.

\* \* \* \* \* \*

3. Were you unemployed for all periods during the previous fifteen months covered under 1 or 2 above? Answer Yes or No:

*Yes.*

During the time period covered by the 1990 Form 1032, Harrod had gross sales of $34,868.66 through the Silver Dollar City Craft Guild alone.

On October 4, 1990, Harrod was charged in a three-count indictment with making false statements to a federal agency in violation of 18 U.S.C. § 1001.[1] The false statements allegedly appeared in his answers to question 2 on the three 1032 forms excerpted above. The case was tried to a jury. At the close of evidence, Harrod moved for a judgment of acquittal, which the court denied. The jury acquitted Harrod of Counts I and II, which involved the 1988 and 1989 forms. However, the jury found him guilty of Count III, which involved the 1990 Form 1032.

On appeal, Harrod contends that the district court erred in denying his motion for acquittal because the government's evidence was insufficient to support the jury's verdict on Count Three.

## II. SUFFICIENCY OF THE EVIDENCE

In reviewing the denial of the defendant's motion for a judgment of acquittal on the ground of insufficient evidence, we must view the evidence and reasonable inferences to be drawn from it in the light most favorable to the government. *United States v. Darrell,* 828 F.2d 644, 647 (10th Cir.1987) (citation omitted). The relevant inquiry is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). In decid-

---

**1.** 18 U.S.C. § 1001 provides:

Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than five years, or both.

ing whether the evidence is sufficient under this standard, "we may neither weigh conflicting evidence nor consider the credibility of witnesses." *Darrell*, 828 F.2d at 647 (citations omitted).

■ To support a conviction for making a false statement to a government agent in violation of 18 U.S.C. § 1001, the government must prove "that (1) the defendant made a statement; (2) the statement was false, fictitious, or fraudulent as the defendant knew; (3) the statement was made knowingly and willfully; (4) the statement was within the jurisdiction of the federal agency; and (5) the statement was material." *United States v. Irwin*, 654 F.2d 671, 675–76 (10th Cir.1981), *cert. denied*, 455 U.S. 1016, 102 S.Ct. 1709, 72 L.Ed.2d 133 (1982). Harrod contends that the government failed to offer sufficient evidence to support a finding of two elements: falsity and materiality.

### A. *Falsity*

■ Looking at the evidence in the light most favorable to the prosecution, the evidence is more than sufficient to support a jury finding that Harrod answered question 2 on his 1990 Form 1032 with a statement he knew to be false. In response to question 2, which asked whether Harrod was self-employed, he answered "No. Under Doctors [sic] suggestion—making a few toys to keep mind off pain." Harrod asserts that this admittedly vague answer was not false and sufficed to put the Department of Labor on notice that he was still selling toys, as he had admitted to doing in his 1032 forms filed in 1988 and 1989. We disagree.

There is sufficient evidence from which a rational jury could find beyond a reasonable doubt that Harrod was indeed self-employed as a toymaker and that his answer to question 2 was therefore false. The toy company was called "Toys by Willie"—and Willie is Harrod's first name. Moreover, Harrod was intimately involved in company operations. The government's evidence showed that during the fifteen-month period covered by the 1990 Form 1032, Harrod attended more than twenty-five mall shows for four-day weekends in locations ranging across the country from Georgia to Oklahoma to Nebraska. At these shows, the defendant handled most of the toy sales; set up and took down booths and displays; carried the equipment to and from a rented van trailer at the end of shows; and worked a pedal-operated antique scroll saw during shows. Looking at the evidence in the light most favorable to the government, we cannot say that the jury could not find beyond a reasonable doubt that Harrod was indeed self-employed in the toy-making business and that he therefore made a false statement in response to question 2.

Although Harrod correctly cites *Bronston v. United States*, 409 U.S. 352, 361, 93 S.Ct. 595, 601, 34 L.Ed.2d 568 (1973), for the proposition that an unresponsive answer, if true, cannot be the basis of a perjury prosecution even though it may be likely to mislead, *Bronston* is inapposite here. *Bronston* was decided under the federal perjury statute, 18 U.S.C. § 1621, which implicates significantly different policy concerns than does a prosecution under 18 U.S.C. § 1001. In explaining its holding in *Bronston*, the Supreme Court noted that a perjury prosecution in our adversary system is not the primary safeguard against errant testimony; instead, the burden lies with the questioner at trial to target questions precisely to elicit the exact answer sought. *Id.* at 360, 362, 93 S.Ct. at 600, 601. In other words, in the adversary world of trial, it is not the witness's duty to ensure the answer is exactly what the questioner desires to hear. Rather, it is ultimately the interrogator's job to pin down the witness with skillfully asked questions. But no such question-and-answer interplay exists in an 18 U.S.C. § 1001 false statement action. When seeking information outside the adversarial context of trial, the government needs and expects those who answer its inquiries—like Form 1032—to answer truthfully and precisely. In such cases, the respondent is not readily available for cross-examination, as in a perjury trial. In fact, the coversheet of Form 1032 expresses the government's expectation of honest, responsive answers:

A FALSE OR EVASIVE ANSWER TO ANY QUESTIONS, OR THE OMISSION OF AN ANSWER, MAY BE GROUNDS FOR FORFEITURE OF YOUR COMPENSATION BENEFITS AND SUBJECT YOU TO CIVIL LIABILITY, OR, IF FRAUDULENT, MAY RESULT IN CRIMINAL PROSECUTION.

Thus, because of the different policy concerns underlying perjury and § 1001 prosecutions, we believe *Bronston* is inapposite to Harrod's case.

■ Harrod further contends that the evidence was insufficient to sustain the jury verdict because the Department of Labor was fully advised of his activities and his answer to question 2 was not false in light of his prior statements on 1032 forms and in interviews with rehabilitation counselors. We disagree. Although Harrod did indicate that he was selling a few toys in his 1988 and 1989 forms and some Department of Labor employees appeared to be aware of this fact, nothing in the 1990 form suggested that his sales activities had continued into the fifteen-month period covered by the 1990 form, nor do they suggest the true nature of the activity. In fact, Harrod's answer to question 2 on the 1990 form indicated that he was not making the toys for commercial purposes at all. Harrod's tag-on qualification in question 2 that he was "[u]nder Doctors [sic] suggestion—making a few toys to keep mind off pain" did not mitigate the falsity of his "no" answer to question 2. In qualifying his "no" answer, Harrod neglected to mention that he was selling the "few" toys for gross proceeds of more than $34,000 over a fifteen-month period. We hold that when one answers "no" to a federal inquiry when the answer really is "yes," a qualification that is less than full and complete is insufficient to put the government on notice that the answer is really "yes."

B. *Materiality*

■ Harrod also contends that the evidence is insufficient to support the district court's finding that his false answers were material to the governmental function of the Department of Labor. A falsification

is material if it " 'has a natural tendency to influence, or was capable of influencing, the decision of the tribunal in making a determination required to be made.' " *Irwin*, 654 F.2d at 677. *See generally*, Lewis J. Heisman, Annotation, *What Constitutes a "Material" Fact for Purposes of 18 U.S.C. § 1001, Relating to Falsifying or Concealing Facts in Matter Within Jurisdiction of United States Department or Agency*, 49 A.L.R. Fed. 622 (1980). Because materiality is a question of law, *United States v. Daily*, 921 F.2d 994, 1004 (10th Cir.1990) *cert. denied*, —— U.S. ——, 112 S.Ct. 405, 116 L.Ed.2d 354 (1991), we review the district court's finding of materiality de novo, *United States v. Brittain*, 931 F.2d 1413, 1415 (10th Cir.1991).

■ We believe that the evidence is adequate to support a finding that Harrod's false answer to question 2 was material because it was capable of causing the Department of Labor to continue permitting Harrod to receive full benefits. The government presented evidence that the 1988 and 1989 forms—which Harrod answered only slightly more completely than the 1990 form—prompted the continuation of full benefits. For example, a Department of Labor witness testified that a small amount of therapeutic toy making, such as that reported in the 1988 Form 1032, was not anything that would have caused an adjustment in the defendant's full unemployment benefits. Moreover the receipt of the 1989 questionnaire, even though it was only partly answered, nevertheless caused the Department of Labor to continue making unemployment compensation payments. This evidence gives rise to an inference that Harrod's answers to the 1990 Form were capable of influencing the Department of Labor to permit Harrod to continue receiving full benefits. Thus, we find that Harrod's answer to question 2 on the 1990 Form 1032 was material.

### III. CONCLUSION

We hold that the evidence was sufficient to support the findings that Harrod made material, false statements to the Department of Labor on his 1990 Form 1032 in

violation of 18 U.S.C. § 1001. We therefore AFFIRM the district court's denial of Harrod's motion for judgment of acquittal.