**UNITED STATES of America, Appellee,**

v.

**Louis GRILLO, Defendant–Appellant.**

**Docket No. 98–1135.**

United States Court of Appeals,
Second Circuit.

Argued Nov. 18, 1998.

Decided Dec. 1, 1998.

Emily Berger, Assistant U.S. Attorney (Edgardo Ramos, Assistant U.S. Attorney, and Zachary W. Carter, U.S. Attorney, on the brief), Eastern District of New York, Brooklyn, N.Y., for Plaintiff–Appellee.

Kevin G. Snover, North Babylon, N.Y., for Defendant–Appellant.

Before: MINER, CALABRESI, and SACK, Circuit Judges.

PER CURIAM:

Defendant–Appellant Louis Grillo appeals his conviction for knowingly making a false statement in connection with an application for federal employment compensation in violation of 18 U.S.C. § 1920. He argues that the government was required to prove, and did not prove, that he obtained an actual benefit from his false statement. We affirm.

## BACKGROUND

Defendant–Appellant Louis Grillo is a former employee of the U.S. Postal Service who received disability benefits under the Federal Employees' Compensation Act (FECA), 5 U.S.C. § 8101 et seq. To receive his FECA benefits, Grillo had to submit forms on which he was to indicate any employment he had held recently. On eleven forms that he submitted between April 1994 and December 1995, Grillo indicated that he was not employed. In fact, at the time, Grillo was self-employed and owned a business, Island East Distributors, which installed pay telephones and collected coins therefrom.

Grillo was indicted in November 1996 on eleven counts of violating 18 U.S.C. § 1920 (knowingly making a false statement in connection with an application for federal employment compensation) and eleven counts of violating 18 U.S.C. § 1341 (mail fraud).

On February 9, 1998, a jury acquitted Grillo of twenty-one of the charges and convicted him of one count of violating 18 U.S.C. § 1920. Grillo moved for a verdict of acquittal under Federal Rule of Criminal Procedure 29(c) on that count on the ground that the government was required to prove, and had not proved, the amount of benefit that Grillo received as a result of his false statement. The district court denied the motion, holding that the quantity of the benefits falsely obtained is not a substantive element of a violation of § 1920. It sentenced Grillo to three months' incarceration and three years of supervised release (including three months of home detention), ordered him to pay $25,558.19 in restitution, and imposed a $50 special assessment.

## DISCUSSION

■ Because Grillo's appeal is based on an issue of statutory construction, we review the district court's decision *de novo*. *See Capital Communications Fed. Credit Union v. Boodrow (In re Boodrow)*, 126 F.3d 43, 47 (2d Cir.1997), *cert. denied*, —— U.S. ——, 118 S.Ct. 1055, 140 L.Ed.2d 118 (1998).

■ "[T]he starting point for interpreting a statute is the language of the statute itself. Absent a clearly expressed legislative intention to the contrary, that language must ordinarily be regarded as conclusive." *Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108, 100 S.Ct. 2051, 64 L.Ed.2d 766 (1980). Section 1920 provides as follows:

Whoever knowingly and willfully falsifies, conceals, or covers up a material fact, or makes a false, fictitious, or fraudulent statement or representation, or makes or uses a false statement or report knowing the same to contain any false, fictitious, or fraudulent statement or entry in connection with the application for or receipt of compensation or other benefit or payment under subchapter I or III of chapter 81 of title 5, shall be guilty of perjury, and on conviction thereof shall be punished by a fine under this title, or by imprisonment for not more than 5 years, or both; but if the amount of the benefits falsely obtained does not exceed $1,000, such person shall be punished by a fine under this title, or by imprisonment for not more than 1 year, or both.

18 U.S.C. § 1920 (Supp.1996).

■ Grillo argues that Congress' use of "the phrase 'benefits obtained' clearly applies to the entire paragraph" and must therefore be an element of a § 1920 violation. We agree with the district court, however, that Congress' use of the term "benefits obtained" in § 1920 must be read only as part of the punishment portion of the statute and not to modify or to define the conduct that § 1920 prohibits.

We conclude that the statutory language is unambiguous and that the judgment of the district court should be affirmed.