

Opinions of the United
States Court of Appeals
for the Third Circuit

6-4-2003

# USA v. McDonald

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-3446

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. McDonald" (2003). *2003 Decisions.* Paper 483.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/483

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 02-3446

———

UNITED STATES OF AMERICA

v.

JOHN L. MCDONALD,

Appellant.

———

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Crim. No. 01-125)
District Judge:  The Honorable Gustave Diamond

———

Submitted under Third Circuit LAR 34.1(a)
Thursday, May 15, 2003

Before:  RENDELL, SMITH and ALDISERT, Circuit Judges.

(Filed June 4, 2003)

———

OPINION OF THE COURT

———

ALDISERT, Circuit Judge.

John L. McDonald appeals a conviction and sentence on a 20-count indictment.

Counts 1-18 charged him with making false or fraudulent statements in order to obtain

federal workers' compensation in violation of 18 U.S.C. § 1920. These counts alleged that McDonald stated on a Department of Labor form CA-7 that he did not work outside his federal job during the period for which he claimed compensation, when in fact he operated a business buying and selling antiques and collectibles. Counts 19-22 charged him with mail fraud in violation of 18 U.S.C. § 1341, alleging that he caused to be delivered through the mail checks paid in response to the fraudulent claims described in counts 1-18. A jury convicted him on all 22 counts.

Because we write only for the parties who are familiar with the facts and the proceedings at trial, we will address the contentions in summary form.

Appellant argues (1) that his repeated false statements were not material and as a result of their immateriality the evidence to sustain convictions under 18 U.S.C. §§ 1920 and 1341 was insufficient; (2) that the district court erred in refusing to charge the jury that he had no obligation to report any work outside of his federal job if the work constituted "investment activity" or prior concurrent employment; and (3) that he could not be guilty of the mail fraud counts because the evidence of mailing was insufficiently dependant upon a hearsay document.

I.

All CA-7 forms contain a section that advises the signer that there are penalties for fraud or false statement. McDonald completed a series of CA-7 forms containing the following question regarding outside employment: "Have you worked outside your

2

federal job during the period(s) claimed in section 2? (*Include salaried, self employed, commissioned, volunteer, etc.*)." McDonald answered "no" to these questions on 18 different forms.

During the period of alleged disability when he received workers' compensation, McDonald had signed a lease for a booth at a mall for the display of antiques for sale. In addition to his work at the mall, he conducted antique sales via the Internet using online auctions through the e-mail address of *mailman@pathway.net*. Thereafter, he listed the gross sales from his antique businesses on schedule C of his IRS form 1040, classified 25% of his home as used for his business, took business expense deductions for the depreciation of his home and for the payment of his real estate taxes and utilities, claimed a qualified business use of his truck and claimed deductions for its mileage and depreciation. All the while, McDonald received net tax-free workers' compensation benefits of $17,778.96.

Appellant argues that the evidence was insufficient to establish his workers' compensation fraud and mail fraud convictions because the omissions of income from his so-called "antique hobby" were immaterial and had no effect upon his entitlement to or amount of workers' compensation. Aside from the fact that a "hobby" fails to constitute a "qualified business use" under the Tax Code, Appellant misstates the issue. The question on the form does not ask whether he earned income, but instead asks if he worked outside of his federal job. McDonald was instructed to include self-employment

3

and volunteer work. We are satisfied that his answer was materially false and we are therefore satisfied that the workers' compensation fraud and mail fraud convictions were supported by sufficient evidence. See United States . v. Henry 164 F.4d 1304, 1307-1308 (10th Cir. 1999) (rejecting the argument that the answer to the question of whether the claimant has outside work is immaterial if the work would not have affected the amount of benefits), United States v. Harrod, 981 F.2d 1171, 1176 (10th Cir. 1992) (same), United States v. Grillo, 160 F.3d 149, 150 (2d Cir. 1998) (holding that government need not establish amount of benefits falsely obtained as an element of the offense).

## II.

The court did not err in refusing to charge the jury with respect to McDonald's theory of defense. Set forth in detail in the Appellee's brief, these instructions, numbers 17 and 18, single-spaced, occupy four-and-a-half pages. We have carefully examined these instructions and agree with the district court that "the proposed charges are confusing and misleading, and in some respects legally inaccurate" and "should not be given to the jury." App. at 17.

The district court relied on the teachings of United States v. Johnstone, 107 F.3d 200 (3d Cir. 1997) in stating that a proper charge "must clearly articulate the relevant legal standard." App. at 17. The proposed instructions failed to do so. We have examined the court's resolution of the issue and conclude that the instructions utilized

4

fairly incorporated Appellant's theory of defense without calling upon the jurors to undertake confusing and misleading legal matters outside the province of the factfinder. We are satisfied that they — viewed as a whole and in light of the evidence — "fairly and adequately submitted th[e] issue[s] to the jury." United States v. Parise, 159 F.3d 790, 798 (3d. Cir. 1998).

III.

The government presented sufficient evidence to sustain the mail fraud convictions regardless of the evidentiary objections.

To prove the actual "mailing" through circumstantial evidence, the government must prove that it was standard business practice to mail the benefit checks and that the particular checks in questions were sent in accordance with that practice. United States v. Hannigan, 27 F.3d 890, 892-893 (3d Cir. 1994).

Special Agent Tracy Hapeman testified that claimants who are paid by the Department of Labor elect either to receive payments by electric transfer to a bank account or by treasury check. Hapeman testified that McDonald chose to receive treasury checks and that all of the checks were sent by United States mail. Defense counsel did not object to her testimony.

Hapeman's testimony was based upon her own investigation of the matter and a sealed certificate of mailing executed by the records custodian at the United States Department of the Treasury. The certification was accompanied by business records

5

from the Pacer system, business records on Department of Treasury forms and copies of the negotiated checks.

We are satisfied that the evidence was admissible under either the public records exception, Federal Rule of Evidence 803(8), or the business records exception, 803(6), to the hearsay rule.

* * * * *

We have considered all contentions raised by the parties and conclude that no further discussion is necessary.

The judgment of the district court will be affirmed.

/s/ Ruggero J. Aldisert
Circuit Judge