

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-20-2004

# USA v. Borghini

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2587

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Borghini" (2004). *2004 Decisions.* Paper 483.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/483

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 03-2587

———

UNITED STATES OF AMERICA

v.

ELAINE M. BORGHINI,

Appellant

———

On Appeal from the United States District Court
for the Western District of Pennsylvania
(Dist. Ct. No. 01-cr-00179)
District Judge: Honorable William L. Standish

———

Submitted Under Third Circuit LAR 34.1(a)
June 25, 2004

Before: NYGAARD, McKEE and CHERTOFF, Circuit Judges.

(Filed: July 20, 2004)

———

OPINION

———

CHERTOFF, Circuit Judge.

Elaine M. Borghini was found guilty at trial of three counts of making a false

statement to obtain federal employee compensation in violation of 18 U.S.C. § 1920.

The sole issue on appeal is whether the Government provided sufficient evidence that her

admittedly false statements were "material" within the meaning of the statute. For the

reasons stated below, we will affirm the District Court's judgment.

I.

Because we write only for the parties, we abbreviate our recitation of the facts.

The issue in this case stems from statements made by Borghini in connection with

worker's compensation payments she received from the United States Department of

Labor. Borghini was convicted of supplying false information on a worker's

compensation form known as CA-1032 ("1032 Form") in violation of 18 U.S.C. § 1920

on three occasions—June 12, 2000, December 12, 2000, and June 13, 2001.[1] In each

instance, Borghini responded "no" to the following question: "Were you self-employed

or involved in any business enterprise in the past 15 months?"[2] In actuality, Borghini

---

[1] Borghini was acquitted of the additional wire fraud charges.

[2] The top or the 1032 Form provides, in pertinent part:
**Report ALL self-employment or involvement in business enterprises.**
These include but are not limited to: farming; sales work; operating a
business, including a store or a restaurant; and providing services in
exchange for money, goods, or other services. The kinds of services which
you must report include such activities as carpentry, mechanical work,
painting, contracting, child care, odd jobs, etc. Report activities such as
keeping books and records, or managing and/ or overseeing a business of
any kind, including a family business. Even if your activities were part-
time or intermittent, you must report them.

concedes that during each of the relevant time periods she was self-employed as a house cleaner and failed to report this income on Form 1032. See Appellant Br. at 5.

18 U.S.C. § 1920 provides, in pertinent part:

> Whoever knowingly and willfully falsifies, conceals, or covers up a material fact, or makes a false, fictitious, or fraudulent statement or representation, or makes or uses a false statement or report knowing the same to contain any false, fictitious, or fraudulent statement or entry in connection with the application for or receipt of compensation or other benefit or payment . . . shall be guilty of perjury, and on conviction thereof shall be punished by a fine under this title, or by imprisonment for not more than 5 years, or both; but if the amount of the benefits falsely obtained does not exceed $1,000, such person shall be punished by a fine under this title, or by imprisonment for not more than 1 year, or both.

18 U.S.C. § 1920. Both parties agree that the provision requires the jury to find beyond a reasonable doubt the following four elements: (1) a false statement; (2) of material fact; (3) given knowingly and willfully; and (4) given in connection with the receipt of worker's compensation benefits. See Appellant Br. at 8; Appellee Br. at 12. The only issue on appeal, however, concerns the second element—whether the admittedly false statements were "material" within the meaning of the statute.

The District Court had jurisdiction under 18 U.S.C. § 3231, and this Court has jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over questions of statutory interpretation. See U.S. v. Thayer, 201 F.3d 214, 219 (3d Cir. 1999). "In reviewing [a defendant's] challenge to the sufficiency of the evidence, we apply a particularly deferential standard of review. The verdict must be sustained if there is

_____

Supplemental App. at 1, 6, 11 (emphasis in original).

substantial evidence to support it." United States v. Cartwright, 359 F.3d 281, 285-86 (3d Cir. 2004) (internal citations and quotations omitted). "'We must view the evidence in the light most favorable to the Government and sustain the verdict if any rational juror could have found the elements of the crime beyond a reasonable doubt.'" Id. (quoting United States v. Cothran, 286 F.3d 173, 175 (3d Cir. 2002)).

## II.

Borghini's only argument on appeal is that the Government failed to prove the purportedly "material" fact that it suffered a loss as a result of her mistatements. We disagree.

To begin, as a legal matter, nothing in 18 U.S.C. § 1920 requires the Government to demonstrate that it actually suffered a loss. Rather, the statute imposes liability on those who "knowingly and willfully falsif[y], concea[l], or cove[r] up a material fact." 18 U.S.C. § 1920. As the Government points out, materiality is a flexible concept. "In general, a false statement is material if it has a natural tendency to influence, or [is] capable of influencing, the decision of the decisionmaking body to which it was addressed." Neder v. United States, 527 U.S. 1, 16 (1999) (quotations and citations omitted) (alternation in original).[3] Thus, the falsification is "material" if it tends to

_____

[3] In Neder, the Court analyzed the term "material" in the context of a tax offense under 26 U.S.C. § 7206(1). The notion that materiality is a flexible concept, however, is equally applicable to the statute at issue in this case.

The jury instruction given at trial in this case also reflects the flexible concept of

influence the decision process, even if there is no evidence as to the actual amount lost. The amount of loss is relevant not to culpability under the statute, but to the penalty imposed for violation of the provision—while the statute authorizes imprisonment for up to five years, if the loss does not exceed $1,000 the maximum prison term is one year. See 18 U.S.C. § 1920. This commonsense interpretation of § 1920 is consistent with the conclusions reached by other circuit courts. See United States v. Grillo, 160 F.3d 149, 150 (2d Cir. 1998) (per curiam); United States v. Henry, 164 F.3d 1304, 1307-08 (10th Cir. 1999).

Borghini's argument also fails as a factual matter. In this case, there was ample evidence from which a reasonable juror could have concluded that Borghini's misstatements affected her level of compensation. Sheila Baker, assistant branch chief and former special claims examiner at the Department of Labor, provided extensive testimony on how Borghini's self-employment would bear on both her eligibility for and level of compensation.

materiality:

> A false or fraudulent representation or failure to disclose must relate to a material factor matter [sic]. A material fact is one which is reasonably be [sic] expected to be a concern to a reasonable and prudent person in relying on the representation or statement in making a decision or in taking some action.
>
> This means that if you find a particular statement of fact to have been false, you must determine whether that statement was one that a reasonable person might have considered important in making his or her decision. The same principal applies to fraudulent half truths or omissions of material facts.

App. at 81.

In support of her argument, Borghini cites to testimony in which Baker acknowledged that she could not provide an estimate of *how much* Borghini's compensation would have been reduced because of the complexity of the mathematical formula and the need to examine records and data. The mere fact, however, that Baker could not quantify, on the spot, the precise effect on Borghini's benefits in no way undercuts the fact that the lie was "material" within the meaning of § 1920. Rather, Borghini's reading "conflate[s] the probative and punitive portions of the statute." Henry, 164 F.3d at 1307.

For the foregoing reasons, we will affirm the District Court's judgment.